IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LYNN BARNHILL, as Wrongful Death Act
Representative of the Estate of Aida Musa, Deceased, and
AZIZ K. MUSA, TARIQ MUSA, and OMAR MUSA,

    Plaintiffs,

vs.                                                                 No. _____

BMW OF NORTH AMERICA, LLC,
BAYERISCHE MOTOREN WERKE AG,
and TONY BLACKWATER,

    Defendants.

### NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)

Defendant BMW of North America LLC ("BMW NA") submits this timely-filed Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support hereof states as follows:

**A. Background**

1. Plaintiffs filed their Complaint to Recover Damages for Wrongful Death on June 3, 2010, in the First Judicial District of the State of New Mexico, County of Santa Fe, Case No. D-101-CV-2010-01927. A copy of the Civil Docket Sheet and all process, pleadings, and orders served upon BMW NA from Case No. D-101-CV-2010-01927 is attached as Exhibit A. BMW NA will comply with D.N.M.LR-Civ. 81.1(a) within the twenty-eight day period provided by that rule.

2. BMW NA was served with process on June 7, 2010.

3. Defendant Bayerische Motoren Werke AG ("BMW AG") has not yet been properly served with process. Plaintiffs attempted improper service on BMW AG through the

Secretary of State, but failed to properly serve BMW AG through the procedures of the Hague Service Convention. Plaintiffs have been informed of this error and that the attempted service is improper. *See* June 29, 2010, letter from J. Croasdell to P. Casey (attached as Ex. B).

4. As of the filing of this Notice of Removal, BMW NA states on information and belief that Defendant Tony Blackwater has not been served. A return of service for Blackwater has not been filed in Case No. D-101-CV-2010-01927, as would be required by Rule 1-004(C)(2) NMRA if service had been made.[1] *See* Ex. A, at Docket Sheet.

5. Plaintiffs' Complaint fails to set forth a citizenship for diversity purposes. However, information contained in the police report regarding the accident made the basis of Plaintiffs' Complaint indicates that Aida Musa, deceased, was a citizen of Salt Lake City, Utah. *See* State of New Mexico Uniform Crash Report (attached as Ex. C). For diversity purposes, Plaintiff Lynn Barnhill is a citizen of the same state as the decedent. *See* 28 U.S.C. § 1332(c)(2). From the face of the Complaint, it appears that Plaintiff Lynn Barnhill is acting as personal representative of the estate on behalf of all statutory heirs, including Aziz K. Musa, Tariq Musa, and Omar Musa. *See* Ex. A, at Complaint ¶¶ 1-2. In the event that Aziz K. Musa, Tariq Musa, and/or Omar Musa intend to assert individual claims, which is not clear from the face of the Complaint, BMW NA states upon information and belief, based upon its reasonable and diligent search, that Aziz K. Musa, Tariq Musa, and Omar Musa are citizens of Utah, Texas, or New York and are not citizens of the same state as any Defendant. Thus, complete diversity of citizenship exists.

6. BMW NA is a Delaware limited liability company with its principal place of business in New Jersey.

---

[1] BMW NA also unsuccessfully conducted a reasonable search for a phone number through which to contact Blackwater and question him about service.

7. BMW AG is a German corporation.

8. According to Plaintiffs' Complaint, Tony Blackwater is a resident of the State of New Mexico. Based upon information contained in the police report, BMW NA states upon information and belief that Tony Blackwater is a citizen of the State of Arizona. *See* Ex. C.

**B. Grounds for Removal**

1. The propriety of removal is determined at the time of removal. See *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) ("[T]he propriety of removal is judged on the complaint as it stands at the time of removal."). This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). Removal of this action is proper pursuant to 28 U.S.C. § 1441(a). This is a civil action between citizens of different states and in which a citizen or subject of a foreign state is an additional named party, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

2. This is a product liability action where Plaintiffs are claiming damages for the death of the decedent, Aida Musa. In determining the amount in controversy, the Court should look to the "allegations of the complaint, or, where they are not dispositive, by the allegations of the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "A defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake." *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008). The Court may look to the substance and nature of the injuries and damages described in the pleadings. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000). In this type of product liability case involving an alleged wrongful death, the amount in controversy well exceeds $75,000.00. In this case specifically, Plaintiffs claim that BMW NA is liable for alleged physical and emotional pain and suffering and the death of Aida Musa, as well as her loss of income,

earning capacity, and enjoyment of life. *See* Ex. A, at Complaint ¶ 32. Additionally, Plaintiffs have claims for punitive damages against BMW NA, which could alone exceed the jurisdictional amount of $75,000.00, if proven. Thus, BMW NA affirmatively states that the amount in controversy exceeds $75,000.00, a statement which Plaintiffs will surely not dispute.

3.   For purposes of federal diversity jurisdiction, Plaintiff Lynn Barnhill has the citizenship as set forth above in Paragraph A(5). *See* 28 U.S.C. § 1332(c)(2). The statutory beneficiaries, to the extent they are even individual Plaintiffs, have the citizenships as set forth above in Paragraph A(5). The named defendants in this action have the citizenships set forth above in Paragraphs A(6)-(8). *See id.* at § 1332(c)(1). Thus, complete diversity of citizenship is present in this case.

4.   Because Defendant Blackwater has not been served and Defendant BMW AG has not been properly served as of the filing of this Notice of Removal, their consent to removal is not necessary. *See Brady v. Lovelace Health Plan*, 504 F.Supp.2d 1170, 1172-73 (D.N.M. 2007). However, given the improper service attempt on BMW AG, BMW AG consents to removal through its undersigned counsel without waiving its objections to the improper service attempt.

5.   This case is removable because "none of the parties in interest <u>properly joined and served</u> as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added); *see e.g.*, 14B Wright, Charles Allan et al., Federal Practice and Procedure § 3723 at 784 (4th ed. 2009) ("a diverse but resident defendant who has not been served may be ignored in determining removability"); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) ("Where there is complete diversity of citizenship … the inclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)."). Thus,

removal is proper regardless of whether Defendant Blackwater is a citizen of New Mexico or Arizona.

6. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) "within thirty days after the service of summons" upon BMW NA. *See* Paragraph A(2), above.

7. A copy of this Notice of Removal is being filed with the Clerk of the First Judicial District of the State of New Mexico, County of Santa Fe.

8. BMW NA demands that the trial of this matter in federal court be heard by a full jury.

**WHEREFORE**, Defendant BMW of North America LLC requests that the action now pending in the First Judicial District of the State of New Mexico, County of Santa Fe, as Case No. D-101-CV-2010-01927, be removed from that state court to this United States District Court.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By: */s/ Jessica M. Hernandez*
  Jeffrey M. Croasdell
  Jessica M. Hernandez
  Todd E. Rinner
Post Office Box 1888
Albuquerque, New Mexico 87103
Telephone: (505) 765-5900
*Attorneys for BMW of North America, LLC*

**Without waiving its objection to improper service, Defendant Bayerische Motoren Werke AG consents to this Notice of Removal:**

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By: _/s/ Jessica M. Hernandez_
      Jeffrey M. Croasdell
      Jessica M. Hernandez
      Todd E. Rinner
Post Office Box 1888
Albuquerque, New Mexico 87103
Telephone: (505) 765-5900

*Attorneys for Named-Defendant*
*Bayerische Motoren Werke AG*


I hereby certify that a copy of the foregoing was served via electronic mail this 3rd day of July, 2010, to the following:

Patrick A. Casey
Patrick A. Casey, PA
PO Box 2436
Santa Fe, NM 87504-2436
pat@pacpalaw.com

*Attorney for Plaintiffs*


By: _/s/ Jessica M. Hernandez_
      Jessica M. Hernandez