**D-101-CV-201001927 - Friday, July 2, 2010**

# BARNHILL V BMW OF NORTH AM

## CASE DETAIL

| CASE # | CURRENT JUDGE | FILING DATE | COURT |
|---|---|---|---|
| D-101-CV-201001927 | RAYMOND Z ORTIZ | 06/03/2010 | SANTA FE  District |

## PARTIES TO THIS CASE

| PARTY TYPE | PARTY DESCRIPTION | PARTY # | PARTY NAME |
|---|---|---|---|
| D | DEFENDANT | 1 | BMW OF NORTH AMERICA LLC |
| D | DEFENDANT | 2 | BAYERISCHE MOTOREN WERKE AG |
| D | DEFENDANT | 3 | BLACKWATER TONY |
| P | PLAINTIFF | 1 | BARNHILL LYNN |
| | ATTORNEY: PATRICK A. CASEY | 2 | |
| P | PLAINTIFF | 2 | THE ESTATE OF AIDA MUSA DECEASED |
| P | PLAINTIFF | 3 | MUSA AZIZ K |
| | ATTORNEY: PATRICK A. CASEY | | |
| P | PLAINTIFF | 4 | MUSA TARIQ |
| | ATTORNEY: PATRICK A. CASEY | | |
| P | PLAINTIFF | 5 | MUSA OMAR |
| | ATTORNEY: PATRICK A. CASEY | | |

## CIVIL COMPLAINT DETAIL

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 06/03/2010 | 1 | OPN: COMPLAINT | Pending | |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | WRONGFUL DEATH AUTO |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|
| BMW OF NORTH AMERICA LLC | D | 1 |
| BAYERISCHE MOTOREN WERKE AG | D | 2 |
| BLACKWATER TONY | D | 3 |
| BARNHILL LYNN | P | 1 |
| THE ESTATE OF AIDA MUSA DECEASED | P | 2 |
| MUSA AZIZ K | P | 3 |
| MUSA TARIQ | P | 4 |
| MUSA OMAR | P | 5 |

## REGISTER OF ACTIONS ACTIVITY

| EVENT DATE | EVENT DESCRIPTION | EVENT RESULT | PARTY TYPE | PARTY # | AMOUNT |
|---|---|---|---|---|---|
| 07/01/2010 | ACCEPTANCE OF SERVICE ACCEPTANCE OF SERVICE BY SECRETARY OF STATE ON BEHALF OF BYERISCHE MOTOREN WERKE AG | | | | |
| 06/11/2010 | SUMMONS RETURN SUMMONS RETURN ISSUED TO:  BMW OF NORTH AMERICA LLC WAS SERVED ON JUNE 7, 2010 TO LEANNE MARTONY, PROCESS SPECIALIST AT CT CORP | | | | |
| 06/08/2010 | ATTORNEY'S AFFIDAVIT AFFIDAVIT OF NON-ADMITTED LAWYER (APRIL A. STRAHAN) | | | | |
| 06/08/2010 | ATTORNEY'S AFFIDAVIT AFFIDAVIT OF NON-ADMITTED LAWYER (ROBERT E. AMMONS) | | | | |
| 06/04/2010 | ORD: OF APPOINTMENT ORDER APPOINTING PERSONAL REPRESENTATIVE FOR WRONGFUL DEATH ESTATE | | | | |
| 06/04/2010 | AFFIDAVIT PLAINTIFF'S STATUTORY AFFIDAVIT PURSUANT TO 38-1-6, NMSA | | | | |

# "EXHIBIT A"

| 06/03/2010 | MTN: MOTION | | | |
| | MOTION FOR APPOINTMENT OF PERSONAL REPRESENTATIVE TO ACT | | | |
| | AS NOMINAL PARTY UNDER WRONGFUL DEATH ACT | | | |
| 06/03/2010 | JURY DEMAND 6 PERSON | | | |
| | JURY DEMAND - SIX (6) PERSON JURY | | | |
| | RECEIPT #150650 | | | |
| 06/03/2010 | SUMMONS ISSUED | | | |
| | ISSUED TO TONY BLACKWATER | | | |
| 06/03/2010 | SUMMONS ISSUED | | | |
| | ISSUED TO BYERISCHE MOTOREN WERKE AG | | | |
| 06/03/2010 | SUMMONS ISSUED | | | |
| | ISSUED TO BMW OF NORTH AMERICA LLC | | | |
| 06/03/2010 | OPN: COMPLAINT | | | |
| | COMPLAINT TO RECOVER DAMAGES FOR WRONGFUL DEATH | | | |
| 06/03/2010 | ASM: JURY 6 PERSON | P | 1 | 150.00 |
| 06/03/2010 | ASM: CIVIL FILING W/ | P | 1 | 132.00 |
| | ARBITRAT | | | |

## JUDGE ASSIGNMENT HISTORY

| ASSIGNMENT DATE | JUDGE NAME | SEQ # | ASSIGNMENT EVENT DESCRIPTION |
| --- | --- | --- | --- |
| 06/03/2010 | RAYMOND Z ORTIZ | 1 | INITIAL ASSIGNMENT |

STATE OF NEW MEXICO
FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE

**ENDORSED**
First Judicial District Court

LYNN BARNHILL, as Wrongful Death Act
Representative of the Estate of Aida Musa, Deceased, and
AZIZ K. MUSA, TARIQ MUSA and OMAR MUSA,

JUN - 3 2010

Santa Fe, Rio Arriba &
Los Alamos Counties
PO Box 2268
Santa Fe, NM 87504-2268

Plaintiffs,



vs.

No. D-0101-CV-2010 _01927_

BMW OF NORTH AMERICA, LLC, and
BAYERISCHE MOTOREN WERKE AG,
and TONY BLACKWATER.

Defendants.

---

## COMPLAINT TO RECOVER DAMAGES FOR WRONGFUL DEATH

---

**COME NOW,** the Plaintiffs, by and through their undersigned counsel, and for their cause

of action against the Defendants, BMW of North America, LLC, Bayerische Motoren Werke AG,

and Tony Blackwater, state and allege as follows:

### I. PARTIES

1.      Plaintiff, Lynn Barnhill, is the appointed representative under the Wrongful Death

Act, NMSA § 41-2-1, *et seq.*, as statutory Plaintiff in these proceedings for and on behalf of the

statutory heirs of decedent Aida Musa, namely Aziz K. Musa, her surviving spouse, and Tariq Musa

and Omar Musa surviving adult sons.

2.      This action is brought by Plaintiff, Lynn Barnhill, pursuant to the Wrongful Death

Act, NMSA § 41-2-1, et seq., as statutory plaintiff for and on behalf of Aziz K. Musa, surviving

spouse, and Tariq Musa and Omar Musa and statutory heirs of the decedent Aida Musa.

3.      Defendant, BMW of North America, LLC, is a Delaware limited liability company duly authorized to conduct regular and systematic business in the State of New Mexico, and whose agent for service of process is CT Corporation System, 123 East Marcy, Santa Fe, New Mexico 87501.

4.      Defendant, Bayerische Motoren Werke AG, is a non-resident, German business organization that is doing regular and systematic business in the State of New Mexico, although not registered to do so. This Defendant can be served with process pursuant to the Hague Convention, 20 U.S.T. 361 (February 10, 1969). Pursuant thereto, service of process may be effected by serving a true and correct copy of process with a copy of the complaint attached thereto through the New Mexico Secretary of State for forwarding to Bayerische Motoren Werke AG, Petuelring 130, Munich D80788, Germany.

5.      Defendant, Tony Blackwater, is an resident of New Mexico whose mailing address is Post Office Box 2583, Shiprock, New Mexico 87420 and may be served with process at that address.

## II. JURISDICTION AND VENUE

6.      Venue is proper in Santa Fe County because the Wrongful Death Representative is a resident of Santa Fe County and the agent for service of process for the Defendant BMW of North America, LLC is CT Corporation System, located at 123 East Marcy, Santa Fe, New Mexico 87501,

7.      This court has jurisdiction over the subject matter hereof and the parties hereto.

2

## III. FACTS COMMON TO ALL CAUSES OF ACTION

8.      On or about May 4, 2009, Aida Musa (hereafter also Decedent) was a passenger in a 1995 BMW 840CI coupe (VIN WBAEF6321SCC89833) being operated by her husband, Aziz K. Musa, in an eastbound direction on U.S. Highway 64 in New Mexico when a Pontiac passenger car being operated by Defendant, Tony Blackwater, entered the highway from a private drive at a roadside business on U.S.64 approximately 20 feet North of the Big Rock Trading Post located at 3761 US-64, in San Juan County, New Mexico, and contacted the BMW. The BMW overturned.

9.      During the incident, the BMW's roof crushed down and deformed laterally toward the center of the vehicle, all the way down until it was compressing the right-front passenger seat headrest. This crushing and excessive deformation of the roof severely compromised the survival space of Decedent as shown in the photos below:



3



10.     Sometime prior to May 4, 2009, Defendants, BMW of North America, LLC, and Bayerische Motoren Werke AG (hereafter "the BMW Defendants"), designed and/or manufactured and/or assembled and/or marketed the BMW in question. The negligence of the BMW Defendants and the defective BMW were proximate and producing causes of the injuries to and death of Decedent and Plaintiffs' resulting damages.

11.     The conduct of all Defendants was a proximate and/or producing cause of the incident, Decedent's injuries and death, and the resulting damages to Plaintiffs.

## IV. FIRST CAUSE OF ACTION
## NEGLIGENCE AS TO THE BMW DEFENDANTS

12.     Plaintiffs' injuries and damages were proximately caused by the negligence of the BMW Defendants in designing, manufacturing, testing, assembling, supplying, marketing, selling, instructing and providing warnings for the 1995 BMW 840CI.

4

13.     Specifically, the BMW 840CI did not have a B-pillar, resulting in a weak and dangerous roof and making the vehicle uncrashworthy.

14.     The BMW Defendants' negligence included, but is not limited to, the following acts and/or omissions with respect to the 1995 BMW 840CI:

      a.     Improper and inadequate testing of the vehicle, including dynamic rollover testing;

      b.     Failure to include a B-pillar in the vehicle; and

      c.     Designing the vehicle with a weak roof structure.

15.     The negligence of the BMW Defendants as outlined above proximately caused the injuries to and death of Decedent and Plaintiffs' resulting damages.

## V. SECOND CAUSE OF ACTION
## STRICT LIABILITY AS TO THE BMW DEFENDANTS

16.     The BMW Defendants are the manufacturers of the 1995 BMW 840CI coupe bearing VIN WBAEF6321SCC89833.

17.     The BMW 840CI involved in this incident was unreasonably dangerous as that term is understood in New Mexico law, and Plaintiffs therefore bring this action under Section 402(A) and 402(B) of the Restatement of Torts, Second.

18.     The BMW 840CI was defectively designed, manufactured, assembled, marketed and sold by the BMW Defendants.

19.     The BMW 840CI's structure was defectively designed without a B-pillar, was in a defective condition, and was unreasonably dangerous as designed. The defective nature of the BMW 840CI was a producing cause of the injuries to and death of Decedent and Plaintiffs' resulting damages.

5

20.    The BMW Defendants knew that rollovers could be survivable and catastrophic injuries avoided if a B-pillar were included in the vehicle's design.

21.    The BMW 840CI was defective in the following respects:

    a.    it did not have a B-pillar;

    b.    its roof structure is inadequate to withstand loading in rollover collisions;

    c.    its weak roof exposes the occupant to injury as a result of compromised head and survival space.

22.    The unreasonably dangerous nature of the defects as outlined above creates a high probability that the BMW 840CI's occupants, when involved in rollover crashes, can and will sustain fatal or catastrophic injuries.  The BMW Defendants knew of this risk prior to production and marketing of the BMW 840CI in question, but they nonetheless manufactured and placed into the stream of commerce the BMW 840CI which fatally injured Decedent.

## VI. THIRD CAUSE OF ACTION
## WILLFUL, RECKLESSNESS OR WANTON CONDUCT OF THE BMW DEFENDANTS

23.    The BMW Defendants recognized or should have recognized the extreme risk to persons such as Decedent presented by their acts and omissions in regard to their defective and inadequately tested BMW 840CI that did not have a B-pillar, and these acts were willful, wanton or reckless acts.

24.    The conduct of the BMW Defendants in designing, marketing, manufacturing and/or selling the BMW 840CI in a defective and uncrashworthy condition was undertaken willfully, wantonly and with conscious disregard for the consequences, thus constituting grounds for punitive damages for their willful, wanton or reckless acts and conduct.

25.    On May 4, 2009, as a direct and proximate result of the defective vehicle and the

6

negligent acts of the BMW Defendants as aforesaid, Aida Musa sustained injuries that resulted in her death and Plaintiffs' damages.

26.     As a result of the negligence and willful, wanton or reckless acts and/or omissions of the BMW Defendants, Plaintiffs are entitled to recover exemplary and punitive damages. Such damages are warranted in this action as a punishment for the BMW Defendants' reckless and wanton acts and to deter the BMW Defendants and others from committing the same or similar actions which endanger the general safety of the motoring public.

## VII. FOURTH CAUSE OF ACTION
## NEGLIGENCE AS TO TONY BLACKWATER

27.     Defendant, Tony Blackwater, incorporates paragraphs 1, 2, 5, 6, 7, 8, 9, and 11 as though fully set forth in detail at this point.

28.     Defendant, Tony Blackwater, owed the plaintiffs a duty of reasonable care in the operation of the Pontiac automobile he was operating at the time of the collision herein.

29.     Defendant, Tony Blackwater, was negligent in his operation of the Pontiac automobile he was operating at the time of the collision and thereby breached his duty of care in that he:

    b.     failed to maintain control of his automobile;

    c.     failed to maintain and keep a proper lookout for the traffic on U.S. 64;

    d.     failed to keep his vehicle under control;

    e.     failed to operate the vehicle he was driving in a safe and reasonable manner;

    f.     failed to exercise ordinary and reasonable care in the operation of his motor
           vehicle.

7

30.     Defendant, Tony Blackwater, breached his duty to the plaintiffs in one or more of the above enumerated negligent acts and this was a proximate cause of the collision.

31.     As a direct and proximate result of the negligence of Defendant, Tony Blackwater, Plaintiffs sustained the injuries and damages alleged herein.

## VIII. DAMAGES AGAINST ALL DEFENDANTS

32.     As a direct and proximate result of the negligent actions and conduct of the Defendants, BMW of North America, LLC, Bayerische Motoren Werke AG, AND Tony Blackwater, Aida Musa sustained injuries which resulted in her physical and emotional pain, suffering and death. Accordingly, the wrongful death beneficiaries are entitled to an award of all damages cognizable under the New Mexico Wrongful Death Act, § 41-2-1, et seq., NMSA as amended, against , including, but not limited to, the items listed below:

    a.     Conscious physical pain and suffering experienced by Aida Musa from the time of her injuries until the time of her death;

    b.     Emotional pain and suffering experienced by Aida Musa, from the time of her injuries until the time of her death in an amount to be proven at trial;

    c.     Loss of enjoyment of a full life expectancy and the joys and fullness of that life damages in an amount to be proven at trial;

    d.     Loss of income and earning capacity and lost household services for the statistical lifetime of Aida Musa had she not suffered this wrongful death in an amount to be proven at trial;

    e.     Pecuniary loss of Aida Musa in an amount to be proven at trial as permitted by the State of New Mexico;

f.      The value of life itself of Aida Musa apart from her earning capacity;

g.      The emotional distress caused by the loss of companionship, guidance, counseling, care, comfort, relational interests and love and affection, consortium and society for the decedent's husband Aziz K. Musa, and to her sons, Tariq Musa and Omar Musa;

h.      The decedent's heirs' loss of other expected benefits in amounts to be proven at trial;

I.      Funeral and burial expenses in an amount to be proven at trial;

j.      Aggravating circumstances attendant in the conduct of each of the Defendants

32.     Aziz K. Musa was in the immediate moment of the accident and witnessed his wife's injuries and subsequent death following the collision and, therefore, under the doctrine of bystander recovery, is entitled to damages for the devastating physical and mental injuries suffered by the deceased as a proximate result of Defendants' defective product and/or negligent conduct. Plaintiff, Aziz K. Musa, was present at the scene of the accident and directly experienced, witnessed and perceived the injuries and suffering of his wife, Aida Musa, prior to her death. Actually witnessing such severe pain and trauma caused Plaintiff, Aziz K. Musa, severe mental anguish, trauma, shock and distress, both physical and emotional, past and future.

33.     The Decedent's estate is entitled to pre-judgment interest at the rate allowed by statute on all amounts as may be awarded herein from the date of the service of the Complaint on Defendants as well as post-judgment interest on the judgment entered after trial as allowed by law.

## IX. JURY DEMAND

34.     Plaintiffs hereby request a jury trial of  [12 or 6??].

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them,  in an amount which will fairly and justly compensate for the losses and damages, and punitive damages,

9

as alleged, plus the costs incurred in this action, and for pre- and post-judgment interest as is allowed

by law, and for such further relief as the Court deems proper.

Respectfully submitted,

PATRICK A. CASEY, P.A.

By: _____

Patrick A. Casey, Esq.
P.O. Box 2436
Santa Fe, NM 87504
(505) 982-3639
(505) 989-9181 (Fax)
ATTORNEY FOR PLAINTIFFS

-and-

Rob Ammons
AMMONS LAW FIRM
3700 Montrose Blvd.
Houston, TX   77006
(713) 523-1606

10

STATE OF NEW MEXICO
FIRST JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE

LYNN BARNHILL, as Wrongful Death Act
Representative of the Estate of Aida Musa, Deceased, and
AZIZ K. MUSA, TARIQ MUSA and OMAR MUSA.

        Plaintiffs,

vs.                  No. D-0101-CV-2010 _O 1927_

BMW OF NORTH AMERICA, LLC,
BAYERISCHE MOTOREN WERKE AG,
and TONY BLACKWATER,

        Defendants.

---

## SUMMONS
## THE STATE OF NEW MEXICO

---

TO:        BMW OF NORTH AMERICA, LLC

ADDRESS:    C/O CT CORPORATION SYSTEM
             123 EAST MARCY
             SANTA FE, NEW MEXICO   87501

      You are required to serve upon Patrick A. Casey, P.A. an answer or motion in response to the complaint which is attached to this summons within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file your answer or motion with the court as provided in Rule 1-005 NMRA.

      If you fail to file a timely answer or motion, default judgment may be entered against you for the relief demanded in the complaint.

Attorney for Plaintiff:

        PATRICK A. CASEY, P.A.
        Patrick A. Casey
        Post Office Box 2436
        Santa Fe, New Mexico  87504-2436
        (505) 982-3639

WITNESS the Honorable **RAYMOND Z. ORTIZ** _____, District Judge of the First Judicial District

Court of the State of New Mexico, and the seal of the District Court of Santa Fe County, this 3rd day

of _____, 2010

**STEPHEN T. PACHECO**

CLERK OF THE DISTRICT COURT

By: _____

Deputy

Dated: _____

**RETURN**

STATE OF NEW MEXICO )
                     )ss
COUNTY OF _____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to the

lawsuit, and that I served this Summons in said County on the _____ day of _____, 20___, by

delivering a copy of this Summons, with a copy of Complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]     to the defendant _____ _(used when defendant accepts a copy of summons_

        _and complaint or refuses to accept the summons and complaint)._

[ ]     to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA _(used when_

        _service is by mail or commercial courier service)._

After attempting to serve the summons and complaint on the defendant by personal service or by mail or

commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in

the following manner:

[ ]     to _____, a person over fifteen (15) years of age and residing at the ususal

place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ _____*(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]   to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address).*

[ ]   to _____, an agent authorized to receive service of process for Defendant _

_____.

[ ]   to _____ [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ *(used when defendant is a minor or an incompetent person).*

[ ]   to _____ *(name of person),* _____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).*

Fees: _____          _____
                                 Signature of Person Making Service

                                 _____
                                 Title (if any)

Subscribed and sworn to before me this _____ day of _____, 20_____.

_____
Judge, Notary or Other Officer
Authorized to Administer Oaths

_____
Official Title

STATE OF NEW MEXICO
FIRST  JUDICIAL DISTRICT COURT
COUNTY OF SANTA FE

**ENDORSED**
First Judicial District Court

JUN -3 2010

Santa Fe, Rio Arriba &
Los Alamos Counties
PO Box 2268
Santa Fe, NM 87504-2268

LYNN BARNHILL, as Wrongful Death Act
Representative of the Estate of Aida Musa, Deceased, and
AZIZ K. MUSA, TARIQ MUSA and OMAR MUSA,

      Plaintiffs,

vs.                    No. D-0101-CV-2010 _01927_

BMW OF NORTH AMERICA, LLC, and
BAYERISCHE MOTOREN WERKE AG,
and TONY BLACKWATER.

      Defendants.

---

### JURY DEMAND - SIX (6) PERSON JURY

---

    **COME NOW**, the Plaintiffs, by and through their undersigned counsel, and make their

demand for a petit jury consisting of six (6) qualified  persons.

                        Respectfully submitted,

                        PATRICK A. CASEY, P.A.

                        Patrick A. Casey, Esq.
                        P.O. Box 2436
                        Santa Fe, NM 87504
                        (505) 982-3639
                        (505) 989-9181 (Fax)