IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LYNN BARNHILL, as Wrongful Death Act**
**Representative of the Estate of Aida Musa, Deceased, and**
**AZIZ K. MUSA, TARIQ MUSA, and OMAR MUSA,**

    **Plaintiffs,**

    vs.                                            Civ. No. 10-634 BB/ACT

**BMW OF NORTH AMERICA, LLC,**
**BAYERISCHE MOTOREN WERKE AG,**
**and TONY BLACKWATER,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' Motion to Compel Depositions of BMW of North America, LLC and Bayerische Motoren Werke AG filed May 10, 2011 [Doc. 55]. At issue is the location of the Rule 30(b)(6) depositions and the scope of discovery during the depositions. Defendants filed a response on June 24, 2011 [Doc. 88] and Plaintiffs filed a reply on July 8, 2011 [Doc. 103.]

**Facts.**

The facts underlying this lawsuit are that on May 4, 2009, Aziz Musa was driving a 1995 BMW 840Ci on US 64 in San Juan County, New Mexico, with his wife, Aida Musa as a passenger. Another car ran into the side of the BMW causing the BMW to spin and roll over. Mrs. Musa died as a result of the accident. Plaintiffs contend that the BMW's roof had a design and/or structural defect and that the BMW was not crashworthy.

**Law**.

In resolving this dispute the Court has considered the 2000 Amendments to the Rules of Civil Procedure which narrowed the scope of permissible discovery.  The Advisory Committee comments to the amendment of Rule 26 make clear that the changes were, in fact, intended "to address concerns about overbroad discovery."  Advisory Committee Comment to 2000 Amendment to Fed.R.Civ. P. 26(b)(1).  It was widespread discovery abuses, escalating costs of litigation and resulting delays in the final disposition of cases that in 1990 compelled Congress to take action to curb litigation excesses.  Congress responded to these abusive litigation tactics with the adoption of the Civil Justice Reform Act, 28 U.S.C. § 271 *et seq*. ("CJRA") and the subsequent revision of the Federal Rules of Civil Procedure.  The CJRA and the Federal Rules contemplate court-managed discovery and impose significant limitations on the discovery process.  This is consistent with the dual goals of the CJRA, which were meant to reduce costs to litigants and to expedite the ultimate disposition of a case.  Under the CJRA and the Federal Rules, parties must proceed cautiously and with circumspection with their discovery.  Discovery choices and decisions are no longer the attorneys' sole prerogative; rather, most discovery must now be approved by the court.

As Plaintiffs choose where the lawsuit will be brought, "courts are more willing to protect defendant from having to come to the forum for the taking of his or her deposition than they are in the case of plaintiffs."  Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2112 (1994).  If a deponent resides "a substantial distance" from the deposing party's residence, the deposition should take place near where the deponent resides. *Metrex Research Corp. v. United States*, 151 F.R.D. 122 (D. Colo. 1993).  However, it is within the Court's discretion to set the location of a deposition.  *O'Sullivan v. Rivera*, 229 F.R.D. 187, 189

(D.N.M. 2004). "[T]here is an initial presumption that a defendant should be examined at his residence or the principal place of business." *Starlight Int'l., Inc. v. Herlihy*, 186 F.R.D. 626, 644 (D. Kan. 1999). The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business. *Valencia v. Colorado Casualty Insurance Company*, 2007 WL 5685360 (D.N.M. Dec. 8, 2007), at *5 citing *Magnus Electronics v. Masco Corp. of Indiana*, 871 F.2d 626, 630 (7th Cir. 1989).

This "initial presumption can be overcome by a showing that factors of cost, convenience, and efficiency weigh in favor of a different location." *GFSI, Inc. V. J-Loong Trading, LTD*, 2006 WL 2403103, at *1 (D. Kan., April 18, 2006) (court orders defendant, whose principal place of business is Hong Kong, to appear for depositions in Kansas City, Missouri, the forum of the litigation"). "Corporate defendants are frequently deposed in places other than the location of the principal place of business, especially in the forum, for the convenience of all parties and in the general interests of judicial economy." *Radian Asset Assurance, Inc. v. College of the Christian Brothers of New Mexico*, 2010 WL 5150718, at *6 (D.N.M. Nov. 3, 2010) *citing Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 171 (S.D.N.Y. 1985).

**Discussion.**

Plaintiffs seek to take Rule 30(b)(6) depositions of BMW AG's corporate representatives. These representatives reside in Munich, Germany. BMW AG has requested that Plaintiffs pay for the witness(es) to travel to New Jersey for the depositions. Plaintiffs have declined this request. In determining the location of the deposition, the Court notes the following. The cost of travel and accommodations will be incurred whether the company representatives travel from Germany to the United States or whether counsel travel from Texas

and New Mexico to Germany.  However, if counsel travels to Germany there will be additional expense in attorney fees and the attorneys will lose two days in travel time.  There may be additional expenses if support staff, expert witnesses or a court reporter travel with counsel.  In addition, there may be other reasons for wanting to take the depositions in one place versus the other.

For the foregoing reasons, the Court will exercise its discretion in a Solomonic manner and rule as follows:

(1) Plaintiffs have the choice of taking the depositions in New Mexico, New Jersey or Germany;

(2) If Plaintiffs elect to take the depositions in New Mexico or New Jersey, the expenses of the witness will be split between Plaintiffs and Defendants'

(3) Expenses will be limited to round trip airfare (coach only), two nights lodging, and $250.00 for meals and incidental per witness; and

(4) If Plaintiffs elect to take the depositions in Germany, each side will pay their own expenses.

The Court will reserve ruling on what topics the BMW AG Rule 30(b)(6) representative(s) will need to be prepared to address until its gets clarification from counsel regarding the topics which are still at issue.  The Court notes that one of the Plaintiffs' expert mentions seatbelts in his discussion of crashworthiness.  However, in reviewing Plaintiffs' First Amended Complaint, the only mention of crashworthiness relates to the alleged defect in the design and/or structure of the roof.

If this matter does not settle at the settlement conference set for Wednesday, July 27, 2011, the Court will hold a hearing immediately thereafter on the topics for the rule 30(b)(6)

deposition(s) and on Plaintiffs' Motion to Compel Defendant Bayerische Motoren Werke AG to Properly Respond to Discovery Requests filed May 10, 2011 [Doc. 57], specifically the Court will want to hear argument regarding whether Plaintiffs are entitled to discovery regarding "similar vehicles."

    **IT IS SO ORDERED.**

                                                   **ALAN C. TORGERSON**
                                                   **United States Magistrate Judge**